Joseph G. Pia (9945)
Chrystal Mancuso-Smith (11153)
**PIA ANDERSON DORIUS REYNARD & MOSS**
222 S. Main Street, Suite 1830
Salt Lake City, UT 84101
Tel. (801)350-9000 / Fax. (801)350-9010
Joe.pia@padrm.com
Cmancuso@padrm.com

Murphy S. Klasing (pro hac granted)
**WEYCER, KAPLAN, PULASKI & ZUBER, P.C.**
11 Greenway Plaza, Suite 1400
Houston, Texas  77046
(713) 961-9045 / Fax.(713) 961-5341
mklasing@wkpz.com

*Attorneys for Plaintiff Fouzi Al-Fouzan*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| **FOUZI AL-FOUZAN** | § | |
|     Plaintiff, | § | **PLAINTIFF'S FIRST** |
| | § | **SUPPLEMENT TO SECOND** |
| V. | § | **AMENDED COMPLAINT** |
| | § | |
| | § | |
| **ACTIVECARE, INC., JAMES JOSEPH** | § | |
| **DALTON, ADP  MANAGEMENT** | § | Civil No. 2:15-cv-00373-BCW |
| **CORPORATION, & 4G BIOMETRICS,** | § | |
| **LLC, predecessor in interest to and/or** | § | |
| **n/k/a ACTIVECARE BIOMETRICS** | § | Magistrate Judge Brooke C. Wells |
|     Defendants. | § | **JURY TRIAL DEMANDED** |

## FIRST SUPPLEMENT TO SECOND AMENDED COMPLAINT

Plaintiff FOUZI AL-FOUZAN, by and through counsel of record, files this First Supplement to his Second Amended Complaint against Defendants ACTIVECARE, INC. ("ActiveCare"), JAMES JOSEPH DALTON ("Dalton"), and ADP MANAGEMENT CORPORATION ("ADP"), hereinafter collectively referred to as "Defendants." and alleges as follows:

### STATEMENT OF CLAIM

*The Settlement Agreement*

1. Plaintiff noticed the deposition of Dalton for November 22, 2017. Defendants noticed the deposition of Plaintiff for November 21, 2017. Plaintiff traveled from Kuwait for the deposition and was prepared to testify. Prior to the deposition, but after Plaintiff traveled from Kuwait to the United States, Defendants and Plaintiff met in an attempt to resolve the entire case. In that meeting on November 21, 2017, the parties agreed to a settlement disposing of the entire matter (the "Original Settlement Agreement").

2. The Original Settlement Agreement imposed payment obligations on Dalton and/or ADP in exchange for an immediate dismissal without prejudice of ActiveCare and, upon receipt of payment in full from Dalton and/or ADP, dismissal of this lawsuit in its entirety.

3. Counsel for Plaintiff and Defendants immediately exchanged proposed and revised drafts of settlement documents to memorialize the Original Settlement Agreement. On November 22, 2017, counsel for Plaintiff returned a final draft of the

settlement documents to counsel for Defendants. Counsel for Defendants returned the documents, signed by ActiveCare, later that afternoon.

4. A week later, on November 27, 2017, counsel for Plaintiff forwarded counsel for Defendants a copy of the settlement documents, signed by Plaintiff. Counsel for Defendants responded he did not yet have signatures for ADP or Dalton, but would track them down.

5. On December 6, 2017, counsel for Defendants informed counsel for Plaintiff that Defendants "are committed to the settlement" but needed to change the first payment date from December 21, 2017 to January 21, 2018. "With that change in place everyone will sign the documents." The next day, despite the fact that the new CEO of ActiveCare had already signed the Settlement Agreement, counsel for Defendants stated Defendants needed thirty days "to get the new CEO acclimated at ActiveCare and then we will execute the settlement agreement."

6. On January 2, 2018, counsel for Plaintiff noted his fear of the need to file a motion for leave to amend Plaintiff's live complaint and re-notice Mr. Dalton's deposition. Counsel for Defendants responded that his clients had been out of pocket but "have a proposal they want to make."

7. On January 16, 2018, Defendants presented a new payment structure to Plaintiff (the "Second Settlement Agreement"), noting a change in management at ActiveCare, among other things. Counsel for Defendants also stated that ActiveCare was "now willing" to be responsible for the promised payments, and would make a prompt initial payment by the end of the month. The Second Settlement Agreement imposed

payment obligations on all Defendants.  Counsel for Plaintiff responded on January 26, 2018 that Defendants should immediately sign the settlement documents to memorialize the Second Settlement Agreement and wire the first payment, which was due on January 22, 2018, to be held in trust.  Counsel for Defendants replied that the deadline for the first payment would be modified.

8. On March 10, 2018, counsel for Defendants proposed yet another modified payment structure to Plaintiff stating their readiness to immediately sign settlement documents, which imposed payment obligations on ActiveCare, ADP, and Dalton to begin on April 3, 2018.  Plaintiff and Defendants agreed to the modified payment structure on March 12, 2018 (the "Third Settlement Agreement"), and counsel for Defendants requested that counsel for Plaintiff immediately sent him final settlement documents for execution.

9. On March 13, 2018, counsel for Plaintiff sent final settlement documents to memorialize the terms of the Third Settlement Agreement to counsel for Defendants for signature (the "Final Settlement Documents").  Counsel for Defendants said he would pass them along to his clients for signature.

10. Defendants have failed and refused to sign the Final Settlement Documents or make the promised April 3, 2018 payment.

## COUNT 8
## BREACH OF CONTRACT (Against ActiveCare, ADP, and Dalton)

1. In addition to, or in the alternative, and incorporating the facts referenced above, Plaintiff entered into a valid and enforceable contract with Defendants on March

12, 2018; namely, the Third Settlement Agreement. Pursuant to the Third Settlement Agreement, Defendants were obligated to make an initial payment to Plaintiff by April 3, 2018, and to execute an agreed judgment in favor of Plaintiff, which was to remain unfiled unless Defendants failed to cure a default of the Third Settlement Agreement. Defendants breached the Third Settlement Agreement by failing to make the April 3, 2018 payment, and then failing to timely cure the default after receipt of notice. As such, Plaintiff is entitled to file an agreed judgment against Defendants. Because Defendants have failed and refused to sign the Final Settlement Documents, Plaintiff seeks an order from this Court compelling them to do so such that an agreed judgment can and will be filed.

Dated this 20th day of April, 2018.

> By: */s/ Murphy S. Klasing*
> Murphy S. Klasing
> WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
> Attorneys for Plaintiff FOUZI AL-FOUZAN

## CERTIFICATE OF SERVICE

       I hereby certify that on the 20th day of April, 2018, a true and correct copy of the foregoing document was delivered to all counsel of record below via United States Mail and/or through the e-file document system.

Jefferson W. Gross (#8339)
jwgross@grossrooney.com
S. Ian Hiatt (#13535)
ihiatt@grossrooney.com
Coby M. Price (#15710)
cprice@grossrooney.com
GROSS & ROONEY
136 East South Temple, Suite 1500
Salt Lake City, Utah 84111
Telephone: 801-935-4611
Facsimile: 801-935-4612
*Attorneys for Defendant James Joseph Dalton*

Stephen K. Christiansen (6512)
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
*Attorney for Defendant ActiveCare, Inc.*

ADP Management Corp.
1401 North 1075 West, Suite 240
Farmington, Utah 84025

                                        */s/ Murphy Klasing*
                                        Murphy Klasing